UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:12-MJ-226 |
| | ) | |
| MONTELL WILLIAMS | ) | |

PROTECTIVE ORDER

IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d)(l) and 18 U.S.C. §§ 3771 (a)(1)& (8), that:

1. Defense Counsel of Record shall maintain all discovery materials in this case in a secure place to which no person who does not have reason to know their contents has access and shall restrict viewing of discovery in this case only to Defendant, Defense Counsel of Record, investigators of Defense Counsel of Record, staff working directly with Defense Counsel of Record, and expert witnesses retained by Defense Counsel of Record.

2. Defendant shall not be permitted to have or view discovery materials outside the presence of Defense Counsel of Record unless the full names of Adult Victim #1 and Adult Victim #2 have been redacted consistent with this order.

3. In addition, Defense Counsel of Record shall treat the contact information of victims, including their street addresses, telephone numbers, and e-mail addresses, whether obtained through discovery materials provided by the government or information independently acquired by the defense team, as "attorneys' eyes only." "Attorneys' eyes" may include a criminal investigator or a staff person working directly with Defense Counsel of Record, but excludes the Defendant.

4. At trial and during pre-trial and post-trial proceedings in this case, all parties and

witnesses shall refer to the victims by their initials or self-identified nicknames only.

5. In all papers filed with the Court all parties shall refer to the victims by their self-identified nicknames or by their initials only.

6. In all papers filed with the Court that by necessity require disclosure of the name or other information concerning the victims, all parties shall file the papers under seal, while submitting to opposing counsel the unredacted pleading (provided that such pleading is not filed *in camera)* and submitting to the clerk of the Court:

    a. The complete paper clearly labeled "UNREDACTED" to be kept under seal; and

    b. The paper with the portions of it that disclose the name of or other information concerning the victims redacted, and in the case of names, replaced by their initials, for placement in the public record.

7. At the conclusion of the case, including any appeals, Defense Counsel of Record shall securely destroy the originals and all copies of discovery materials and any other information containing the victims' personally identifiable information and notify the government of their compliance with this Order.

8. If defense counsel believes that the restrictions placed on the use of discovery materials unduly restricts his ability to prepare a defense, after consulting with the government's attorneys, he may file a motion seeking relief from this order for the documents in question.

ENTERED this 15th day of October, 2012

/s/ Andrew P. Rodovich

United States Magistrate Judge