UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                              CASE NUMBER:  2:12-CR-144

MONTELL WILLIAMS

      Defendant.

### MOTION FOR FULL RESENTENCING

Comes now the defendant, by counsel, and moves the Court for a full resentencing hearing.  In support of this motion, the defendant would show the following:

A.    Procedural History

On July 7, 2014, the United States Court of Appeals for Seventh Circuit remanded the defendant's case and vacated two conditions of supervised release.  [DE 81].  On July 29, 2014, the Court of Appeals issued its Mandate.  [DE 81].  On April 1, 2015, this Court referred the case to Magistrate Judge Rodovich for the purpose of appointing counsel for the defendant.  [DE 83, 84].  On April 6, 2015, the undersigned counsel entered his appearance on behalf of the defendant.  [DE 85].

On April 23, 2015, this Court vacated and stayed all hearings and deadlines.  [DE 90].  On February 9, 2016, this Court ordered that the U.S. Probation Office prepare a revised PSR that complied with current Seventh Circuit case law regarding supervised release conditions.  [DE 91].  On February 18, 2016, the U.S. Probation Office filed a

revised draft of the PSR. [DE 92]. On March 3, 2016, the defense filed a motion for extension of time to file a response to the PSR. [DE 93]. On March 7, 2016, this Court granted the defendant's motion and extended the deadline to file a response to the PSR until March 18, 2016. [DE 94].

B.  Argument

The defendant is entitled to a full resentencing that would include a hearing permitting him to challenge all aspects of his previous sentencing, including renewed and new objections to the PSR unrelated to the conditions of supervision. At the defendant's request, this Court should reconsider his sentence in its entirety pursuant to 18 U.S.C. 3583(e) and 18 U.S.C. 3553(a). The Court of Appeals for the Seventh Circuit has repeatedly made clear that, when supervised release conditions are modified or changed, other parts of the sentence, including the term of imprisonment, are also subject to challenge and modification.

When a sentence consists of more than one form of punishment, such as prison, a fine, restitution, and supervised release, and one part of the sentence is altered by the appellate court, other aspects of the sentence, including prison, can also be changed. *U.S. v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015). (citing *U.S. v. Thompson*, 777 F.3d 368, 382 (7th Cir. 2015); *U.S. v. Kappes*, 782 F.3d 828, 866-67 (7th Cir. 2015). Since there is overlap and interplay between certain conditions of supervised release and prison time, a court may revisit the prison aspect of the sentence in either direction. *U.S. v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015) ("So if in this case on remand the judge narrows any of the conditions of supervised release or shortens their duration, he may wish to

reexamine the prison sentence that he imposed as additional punishment for the defendant's violation of probation."). See also *U.S. v. Griffin*, 806 F.3d 890 (7th Cir. May 21, 2015).

When conducting the resentencing, "A district court may consider the factors listed in other subsections of section 3553(a) even though those factors are not mentioned in § [18 U.S.C.] 3583(e) so long as the court relies primarily on the factors listed in § 3583(e)." *Id.*

C.  Requested Relief

Wherefore, the defendant, by counsel, moves the Court to conduct a full resentencing pursuant to 18 U.S.C. 3583(e) and 18 U.S.C 3553(a) thereby permitting the defendant to challenge all aspects of the defendant's original sentencing, including renewed and additional objections to the PSR.

    Respectfully submitted,

    Northern District of Indiana
    Federal Community Defenders, Inc.

    By:    s/Jerome T. Flynn
            Jerome T. Flynn
            31 East Sibley Street
            Hammond, IN  46320
            Phone:  (219) 937-8020
            Fax:  (219) 937-8021

## **CERTIFICATE OF SERVICE**

I hereby certify that, on  March 17, 2016 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

        Jill Rochelle Koster - AUSA
        Jill.Koster@usdoj.gov


        s/Jerome T. Flynn